## UNITED STATES v. KREIDLER.

### No. 4464.

District Court, S. D. Iowa, Central Division. May 22, 1935.

E. G. Moon, U. S. Dist. Atty., of Des Moines, Iowa, and C. I. Level, Asst.

U. S. Dist. Atty., of Denison, Iowa, for the United States.

W. B. Sloan (of Strock, Sloan & Dyer), of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 10th day of May, 1935, on a demurrer to the indictment.

The indictment charges that the defendant, as manager of the mortgage loan department of the Iowa-Des Moines National Bank & Trust Company of Des Moines, Iowa, made a written statement to the Home Owners' Loan Corporation for the purpose of influencing the action of the Home Owners' Loan Corporation upon the application and loan of one William H. Rudd. The statement is in the nature of an agreement wherein the above-named bank stated and agreed in effect that if the Home Owners' Loan Corporation would refund a mortgage loan held by the bank, the bank would accept in full settlement of its claim the bonds of the Home Owners' Loan Corporation. And the indictment alleges that this statement was false in that at that time, under the direction of the defendant, the bank held an agreement with William H. Rudd wherein the latter promised if a loan could be secured from the Home Owners' Loan Corporation and the bank would accept the bonds therefor that he would execute and deliver to the bank a second mortgage for the difference between the present market and the par value of the bonds; and that the statement to the Home Owners' Loan Corporation was false as the bank did not consent and did not intend to consent to accept said bonds in full settlement of the claim of the bank and to release all the claims of the bank against the property.

 To this indictment the defendant demurs upon several grounds; the principal one being that the clause relied upon in the indictment as a false statement is promissory and not the statement of a present or existing fact.

The defendant relies in support of his contention upon the common-law rule in cases of perjury, false swearing, and false pretenses, that: "To make a false representation the subject of an indictment * * * two things are generally neces-sary, namely, that it should be a statement likely to impose upon one exercising common prudence and caution, and that it should be the statement of an existing fact. A promissory statement is not ordinarily the subject either of an indictment or of an action."

The vice in defendant's argument in this regard is that he assumes that the statute refers to a false statement and makes such false statement the gist of the offense.

The statute under which the indictment is returned is section 1467 (a), title 12, United States Code (12 USCA § 1467 (a), as follows: "Whoever makes any statement, knowing it to be false * * * for the purpose of influencing in any way the action of the Home Owners' Loan Corporation * * * upon any application * * * or loan * * * shall be punished. * * *"

It is very apparent that the gist of the offense is the attempt to influence the action of the Home Owners' Loan Corporation. The statute does not say whoever makes any false statement, but the wording is, "Whoever makes any statement, knowing it to be false." The word "statement" is not limited in its definition to a statement of a present or existing fact, but is broad enough to include the making of a promise to perform some act in the future. It is evident that the purpose of the Congress was to protect the Home Owners' Loan Corporation from any false statement that might influence them to make a loan where they otherwise would not do so. With this thought in mind, it can make no difference, as far as the offense sought to be charged is concerned, whether the statement was of an existing fact or otherwise.

Defendant also claims that any such statement must be material and calculated to deceive. We may assume that a statement made to influence the whim of some officer of the corporation or in response to an arbitrary or unreasonable demand without the authority expressly or impliedly conferred by the act, or one that the court could say as a matter of law was not likely to influence one exercising common prudence and caution, would not support the charge. Also, that it must be relevant and material.

Having carefully read and considered the applicable statutes and their purpose,

I am satisfied as to the authority. One of the provisions of the act found in section 4 (d) of the act (48 Stat. 129), section 1463 (d), title 12, U. S. C. (12 USCA § 1463 (d), is: "In any case in which the amount of the face value of the bonds exchanged plus accrued interest thereon and the cash advanced is less than the amount the home owner owes with respect to the home mortgage or other obligation or lien so acquired by the Corporation, the Corporation shall credit the difference between such amounts to the home owner and shall reduce the amount owed by the home owner to the Corporation to that extent."

This sentence must mean that if in the exchange of bonds for the home owner's debt, the corporation pays less than the face value of the bonds and interest, the home owner and not the corporation is to have the benefit of the reduction. This certainly implies the authority of the corporation to purchase loans by exchange of bonds therefor at less than the amount of the debt secured; and, a fortiori, to contract with the loan holder regarding such reduction.

A representation then by the holder of the loan that it would accept less than the face value of the debt in full settlement therefore would be relevant. Being relevant, the court could hardly say as a matter of law that the statement charged as false might not be material as a motivating force likely to influence the action of the corporation as charged.

Another challenge to the indictment is that the statement could not be false because the contract of December 29, 1933, was abrogated by the agreement of January 12, 1934.

There would be considerable force in this contention were it not for the fact that the agreement of December 29, 1933, that the Rudds would give a second mortgage to cover the difference between the face and market value of the bonds exchanged to be received by the bank, is supported by a consideration other than that contained in the promises of the agreement, to wit, "One Dollar and other valuable considerations in hand paid."

I have examined all the authorities submitted and have carefully gone through the arguments of counsel, but I am unable to say as a matter of law that the questions raised by the indictment are not questions of fact that should not be presented to a jury. The demurrer therefore should be overruled. The clerk will enter the following order:

The above entitled cause having come on for hearing in open court at Des Moines, Iowa, on the 10th day of May, 1935, on a demurrer to the indictment, same is argued and submitted, and, being advised, defendant's demurrer is overruled, and defendant excepts.